# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**HARL A. GARRETT**  **PLAINTIFF**
ADC #174125

v.  Case No. 4:20-cv-01252-LPR

**DEXTER PAYNE**  **DEFENDANT**

## ORDER

The Court has received the Proposed Findings and Recommendation (PFR) submitted by United States Magistrate Judge Patricia S. Harris, the Plaintiff's Objections, and the Defendant's Response.[1] After a *de novo* review of the PFR and careful consideration of the Plaintiff's Objections and the entire record in this case, the Court approves and adopts the PFR in its entirety as this Court's findings and conclusions in all respects—with the exception of the PFR's certificate-of-appealability analysis. In light of this, the Amended Petition for Writ of Habeas Corpus (Doc. 22) is DISMISSED as untimely, and Plaintiff's requested relief is denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must determine whether to issue a certificate of appealability. In Section 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make such a showing, the applicant "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'"[2] Where, as here, the Petition is denied based on a procedural bar, the foregoing test creates a double hurdle for the applicant. The

---

[1] Docs. 31, 36, & 37.

[2] *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (quoting *Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980)).

applicant must show the test is met as to both the procedural basis for the decision and the substantive merits of the Petition.[3]

With respect to the procedural basis for the ruling, the Court finds that the applicant has carried his burden to obtain certification on one issue. Although the Court agrees with the PFR's conclusion that the Petition is untimely (and the PFR's analysis as to why this is so), the Court also believes reasonable jurists could come out the other way. Specifically, reasonable jurists could disagree as to whether a motion for belated appeal in Arkansas qualifies as a basis for statutory tolling. As relevant to § 2244(d)(2), the proper categorization of a motion for a belated appeal in Arkansas is not free from doubt. Is it an application for post-conviction or other collateral review? Is it part of the direct appeal process? Or is it some other *sui generis* animal entirely? As the PFR explains, there's a circuit split on the issue, and the Eighth Circuit has repeatedly side-stepped it. While not necessarily dispositive of the certification question, these are both strong signs that point to the difficulty of the procedural question and the ample room for disagreement with the Court's conclusion.

With respect to the merits of the Petition, the Court finds—based on the information set out at pages 8-9 of the PFR and given the preliminary stage of this proceeding—that there is potential merit to the claim. The applicant has shown enough (at this early stage) on the merits question to deserve encouragement to proceed further. Additionally, jurists of reason would find it debatable as to whether the applicant was denied his constitutional rights (including effective assistance of counsel and due process for his first appeal of right).

---

[3] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly, the Court finds that Plaintiff has made a substantial showing of the denial of a constitutional right. The Court hereby issues a certificate of appealability on the statutory tolling issue related to the motion for a belated appeal.[4]

IT IS SO ORDERED this 2nd day of November 2023.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[4] *See* Proposed Findings and Recommendation (Doc. 31) at 11–23.